UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

In Re:

**MARK ROMRIELL and ROZLYN PRICE ROMRIELL,**

    **Debtors.**

Case No. 22-40254-NGH

**MEMORANDUM OF DECISION**

**INTRODUCTION**

    Before the Court is a Motion for Return of Attorney Fees filed by the United States Trustee ("UST").[1]  Doc. No. 182.  In the motion, the UST requests this Court examine the transactions and fees paid to attorney Aaron J. Tolson of Tolson & Wayment PLLC and to issue an order for return of fees paid by or on behalf of Mark and Rozlyn Romriell, voiding any compensation agreement between the Romriells and Mr. Tolson.  The Court will grant the motion, cancel Mr. Tolson's fee agreement with the Romriells, and order Mr. Tolson to disgorge his fees.  The disgorgement ordered herein is limited to the $4,000 the Romriells paid Mr. Tolson for bankruptcy representation in this case.  Mr.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure 1001–9037, and all "LBR" references are to this Court's Local Bankruptcy Rules.

MEMORANDUM OF DECISION - 1

Tolson's liability to the Romriells for converting $134,000 of their funds constitutes a separate matter not resolved by this decision.[2]

**FACTUAL HISTORY**

Concurrent with the publishing of this memorandum decision, the Court also issued a Report and Recommendation pursuant to D. Id. L. Civ. R. 83.5(b)(4)(A), recommending the District Court initiate disciplinary proceedings against Mr. Tolson. In that Report and Recommendation, the Court found that Mr. Tolson committed multiple violations of the Idaho Rules of Professional Conduct[3] in connection with his representation of the Romriells in this bankruptcy case. The violations stem from Mr. Tolson's conversion of $134,000 of the Romriells' funds from his attorney trust account. The Romriells had instructed Mr. Tolson to use those funds to pay their mortgage. Instead, Mr. Tolson used those funds for his own personal use.

For approximately one year, Mr. Tolson not only failed to keep the Romriells reasonably informed about the status of payment to their mortgage holder, but lied to them, deflected, and continually made excuses and put them off until "tomorrow." Due to the severity of Mr. Tolson's violations of the Idaho Rules of Professional Conduct, the Court recommended that Mr. Tolson's license to practice law in the United States Courts for the District of Idaho be revoked. The Court incorporates its findings of fact from its Report and Recommendation.

---

[2] This decision resolves the motion in accordance with Rules 7052 and 9014.

[3] The Idaho Rules of Professional Conduct apply to attorneys practicing before the Bankruptcy Court. L.B.R. 9010(g); D. Id. L. Civ. R. 83.5(a).

MEMORANDUM OF DECISION - 2

**DISCUSSION AND DISPOSITION**

Section 329(b) provides that if the compensation paid to a debtor's counsel exceeds the reasonable value for the services provided, "the court may cancel any such agreement, or order the return of any such payment, to the extent excessive[.]" "Courts interpreting this provision have looked beyond the quantity of fees charged and used it to redress other issues with the attorney client relationship." *In re Lantz*, 643 B.R. 614, 624 (Bankr. D. Idaho 2022) (citing *In re Grimmett*, 2017 WL 2437231, at *5 (Bankr. D. Idaho Jun. 5, 2017) (holding fees deemed excessive because fee agreement and collection measures created conflict of interest); *see also Hale v. United States Trustee (In re Basham),* 208 B.R. 926, 932 (9th Cir. BAP 1997) (stating the record "supports the bankruptcy court's finding that the fees were unreasonable given the ... failure to provide competent and complete representation of the [debtors]); *In re Martin*, 197 B.R. 120, 126 (Bankr. D. Colo. 1996) ("The compensation to be paid to an attorney can be deemed excessive for a host of reasons, including but not limited to an attorney's failure to perform agreed upon services, failure to comply with the disclosure requirements, the existence of conflicts of interest, and the like.").

The $4,000 the Romriells paid Mr. Tolson exceeded the value of the services he provided. The Romriells had obtained a loan from Mark Romriell's father to pay off all amounts due under their chapter 13 plan and pay off their mortgage. They anticipated exiting the bankruptcy after receiving a discharge only owing Mark Romriell's father for the money borrowed to refinance their debts. While Mr. Tolson's services led to the Romriells completing their chapter 13 plan and obtaining a discharge, he left the

MEMORANDUM OF DECISION - 3

Romriells in a much worse position concerning their mortgage. Instead of paying off the mortgage, Mr. Tolson converted the Romriells' funds and lied to them regarding the status of the mortgage for months. Ultimately, the Romriells learned of Mr. Tolson's deception, but only after they received a notice of foreclosure sale from the mortgage company.

**CONCLUSION**

Based on Mr. Tolson's conversion of the Romriells' funds and the delinquency issues Mr. Tolson caused in connection with their mortgage, pursuant to § 329, the Court will cancel Mr. Tolson's fee agreement with the Romriells and require he disgorge the $4,000 the Romriells paid him in connection with this case.[4] The Court will enter a separate order consistent with this decision, which will require Mr. Tolson to promptly disgorge $4,000 the Romriells paid to him for fees.

DATED: September 29, 2025



NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

---

[4] As set forth in the Report and Recommendation, on January 26, 2023, the case was converted to chapter 13. On March 30, 2023, the UST filed a motion seeking a refund of Mr. Tolson's fees pursuant to § 329, after which Mr. Tolson agreed to limit his fees to $4,000 for representing the Romriells in the chapter 11 and 13 proceedings. Ex. 235 at p. 2 ¶ h.

MEMORANDUM OF DECISION - 4