UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**MARK ROMRIELL and ROZLYN PRICE ROMRIELL,**<br><br>Debtors. | Case No. 22-40254-NGH |

### SUMMARY ORDER DENYING MOTION TO RECONSIDER REPORT AND RECOMMENDATION

On September 29, 2025, this Court issued a Report and Recommendation on the United States Trustee's Motion for Sanctions Against Attorney Aaron J. Tolson ("R&R"). Doc. No. 216. This Court recommended, pursuant to D. Id. L. Civ. R. 83.5(b)(4)(A), that the District Court initiate disciplinary proceedings against attorney Aaron J. Tolson and revoke his license to practice law in the United States Courts for the District of Idaho.

The R&R was filed in a District Court case, *In re Aaron J. Tolson*, 25-mc-00258-DCN. On October 6, 2025, the District Court issued an Order to Show Cause, finding the R&R stated a sufficient basis to initiate disciplinary proceedings, and giving Mr. Tolson 30 days to respond. On October 14, 2025, Mr. Tolson filed a motion asking this Court to reconsider the R&R. Doc. No. 222.

As a preliminary matter, this Court questions Mr. Tolson's choice to seek reconsideration of the R&R. This matter is procedurally governed by the District Court's

SUMMARY ORDER - 1

local rule which provides a clear order of operations: 1) the bankruptcy or magistrate court issues a report and recommendation, 2) the chief district judge reviews the report and recommendation to determine if reasonable grounds exist to initiate disciplinary proceedings, 3) if such grounds exist, the reviewing judge—here, Chief Judge Nye—issues an order to show cause, and 4) the attorney then has 30 days to file a response to the show cause order.  D. Id. L. Civ. R. 83.5(b)(4)(A).  There is no procedural pathway for this Court to reconsider the R&R, especially in light of the District Court's issuance of the show cause order and imposition of a deadline to respond.

However, even if this Court were to entertain Mr. Tolson's motion, it would fail on substantive grounds.  The crux of the reconsideration motion is Mr. Tolson's contention that this Court did not have jurisdiction to "try matters of contract and fees outside of bankruptcy."  This argument misses the mark.  As explained in the R&R, this Court has the power to regulate attorney practice before it, and Mr. Tolson's unethical conduct occurred in the context of a chapter 13 bankruptcy case during the administration of the estate.  While this Court does not hold the authority to directly impose the sanction recommended in the R&R, the District Court does, hence this Court's recommendation and the District Court's order.

Even if Fed. R. Civ. P. 59[1] applies in this instance, it is not intended to provide litigants with a "second bite at the apple."  *Bettwieser v. Gans*, No. 115-CV-00493-EJL-REB, 2016 WL 4491829, at *1 (D. Idaho Aug. 25, 2016) (quoting *Weeks v. Bayer*, 246

---

[1] Fed. R. Civ. P. 59 is applicable in bankruptcy cases pursuant to Fed. R. Bankr. P. 9023.

SUMMARY ORDER - 2

F.3d 1231, 1236 (9th Cir. 2001)).  Moreover, motions to reconsider are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Id*. (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).  The trial court enjoys "considerable discretion" in granting or denying such a motion.  *In re Ricks*, No. 13-00264-TLM, 2015 WL 6125559, at *2 (Bankr. D. Idaho Oct. 16, 2015) (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

    Reconsideration of a court's prior ruling is appropriate "if (1) the [] court is presented with newly discovered evidence, (2) the [] court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  *Id.* (citing *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010)).  If the motion to reconsider does not fall within one of these categories, it must be denied.  This high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency."  *Id*.  (citing *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991)).

    Having failed to demonstrate the presence of newly discovered evidence, this Court's clear error, or an intervening change in the law, the motion to reconsider will be denied.  Mr. Tolson's opportunity to plead his case now lies in the District Court.

    For the foregoing reasons,

SUMMARY ORDER - 3

IT IS HEREBY ORDERED that the Motion to Reconsider, Doc. No. 222, is DENIED.

DATED: October 22, 2025



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

SUMMARY ORDER - 4